UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 17-60605-BLOOM/VALLE

LUCAS COOK, and others similarly-situated,

    Plaintiffs,

vs.

ASAP COURIER & LOGISTICS, LLC, a Florida limited liability company, d/b/a Need it Now Courier,

    Defendant.
_____/

## AMENDED COMPLAINT[1]

COMES NOW, Plaintiff, LUCAS COOK, by and through his undersigned attorney, and hereby sues Defendant, ASAP COURIER & LOGISTICS, LLC, a Florida limited liability company, d/b/a Need it Now Courier (herein collectively referred to "the EMPLOYER" unless referred to individually), and alleges:

### JURISDICTIONAL ALLEGATIONS AND VENUE

1. This is an action to recover money damages for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff is a resident of Miami-Dade County, Florida.

3. Defendant, ASAP COURIER & LOGISTICS, LLC, d/b/a Need it Now Courier, is a Florida limited liability company, which at all times material hereto, was doing business in Broward County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

---

[1] Plaintiff amends his Complaint to include an initial estimate of the total amount of alleged unpaid wages as well as a preliminary calculation of such wages as per the Court's Order in Actions Brought Under the Fair Labor Standards Act. [D.E. 6].

4. This action is brought by Plaintiff to recover from the Employer unpaid overtime wages, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.

5. FLSA coverage is triggered because the corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other States, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over State lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and two or more employees handled goods or materials that moved in the stream of commerce on a frequent and recurrent basis, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

6. Plaintiff, and those similarly-situated employees, regularly, and on a recurring basis utilized and handled equipments, goods or materials manufactured and purchased from outside the State of Florida, or which originate from places outside the State of Florida and regularly used the instrumentalities of interstate commerce in their work.

7. Those similarly-situated employees are current and former employees who worked for Defendant, performed the same or similar duties as the Plaintiff and were not paid overtime wages for all of their hours worked.

8. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## PLAINTIFF'S EMPLOYMENT

9. Plaintiff was employed by Defendant as a van driver. Plaintiff's job duties included: collecting and distributing packages. Plaintiff worked for Defendant from approximately August 2014 through August 2015 and again in January 2017 through March 21, 2017. Plaintiff worked an average of 72 hours a week. Plaintiff was paid $120.00 a day or an approximately of $10.00 an hour. Plaintiff worked in excess of forty (40) hours per week, but Defendant failed to pay him any overtime wages.

10. Plaintiff estimates his damages as follows:[2]

**August 4, 2014 through August 29, 2015**
32 Overtime hours per week x $5.00 (half-time) = $160.00 x 37 weeks = $5,920.00.

**January 1, 2017 through March 21, 2017**
32 Overtime hours per week x $5.00 (half-time) = $160.00 x 11 weeks = $1,760.00.

**Estimated Total Overtime Wages Owed:** $7,680.00 x 2 (liquidated) = $15,360.00.

## COUNT I
## UNPAID OVERTIME WAGES AGAINST
## ASAP COURIER & LOGISTICS, LLC

11. Plaintiff re-alleges and re-avers paragraphs 1 through 10, as fully set forth herein.

---

[2] Plaintiff estimates his hours worked as a matter of just and reasonable inference as allowed by *Anderson v. Clemens Pottery Co.,* 328 U.S. 680 (1946). Plaintiff reserves the right to amend his estimated hours worked once he receives and reviews Defendant's time and payroll records.

12. Plaintiff was employed by Defendant as a driver. Plaintiff worked for Defendant from approximately August 2014 through August 2015 and again in January 2017 through March 21, 2017. Plaintiff worked an average of 72 hours a week. Plaintiff was paid $120.00 a day or approximately $10.00 an hour. Plaintiff worked in excess of forty (40) hours per week, but Defendant failed to pay him any overtime wages.

13. Plaintiff worked in excess of forty (40) hours per week and was not paid time-and-one-half wages. Plaintiff requires obtaining the necessary records and information to determine the amount of overtime wages owed in this case.

14. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Employer to properly pay him at the rate of time-and-one-half for all hours worked in excess of forty (40) per workweek, as provided in the FLSA.

15. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant had knowledge of Plaintiff's work schedule and the amount of hours he worked. Defendant had knowledge that Plaintiff worked over 40 hours weekly. Defendant knew or should have known the hours over 40 weekly were required to be paid at a rate of time-and-one-half. No valid reason exists for the denial of paying overtime wages. Defendant remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above and is entitled to a recovery of double damages.

16. Defendant willfully and intentionally failed to pay Plaintiff the required overtime rate because it knew that Plaintiff was working hours in excess of forty per workweek and made the conscious decision not to pay Plaintiff overtime wages.

17. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiff requests compensatory and liquidated damages and reasonable attorney's fees and costs from the Defendant, ASAP COURIER & LOGISTICS, LLC, d/b/a Need it Now Courier, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for overtime owing from Plaintiff's entire employment period with Defendant, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid overtime, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

                              THE LAW OFFICES OF
                              EDDY O. MARBAN
                              1600 Ponce De Leon Boulevard, Suite 902
                              Coral Gables, Florida 33134
                              Telephone (305) 448-9292
                              Facsimile (305) 448-9477
                              E-mail: marbanlaw@gmail.com

                              By: *s/Edilberto O. Marban*
                                  EDDY O. MARBAN, ESQ.
                                  Fl. Bar No. 435960